http://www.va.gov/vetapp16/Files2/1619608.txt

Citation Nr: 1619608
Decision Date: 04/14/16 Archive Date: 05/26/16

DOCKET NO. 09-21 275 DATE APR 14 2016

On appeal from the
Department of Veterans Affairs Regional Office in Los Angeles, California

THE ISSUE

Entitlement to service connection for a bilateral shoulder condition, to include as secondary to a service-connected low back disability.

REPRESENTATION

Appellant represented by: Disabled American Veterans

WITNESS AT HEARING ON APPEAL

Appellant

ATTORNEY FOR THE BOARD

J. Jenkins, Associate Counsel

INTRODUCTION

The Veteran served on active duty from August 1952 to August 1956.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a December 2011 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO).

In January 2014 the Veteran testified at a Video Conference hearing before the undersigned Veterans' Law Judge. A transcript of that hearing is of record.

In April 2014 and January 2015, the Board remanded this claim for further evidentiary development.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2015). 38 U.S.C.A. § 7107(a)(2) (West 2014).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Appellant if further action is required.

REMAND

Although the Board regrets the delay, it finds that additional development is necessary prior to appellate review.

Initially, there appear to be outstanding VA treatment records. A March 10, 2016 VA treatment records indicated that the Veteran was being treated by a VA rheumatologist for inter alia his bilateral shoulders and that he was scheduled for a follow up appointment on March 28, 2016. Additionally, the VA treatment records obtained by the AOJ contain time gaps and do not document treatment from December 1992 through October 2004. However, the Veteran submitted excerpts of VA treatment records dated between November 1998 and June 2003. Accordingly, on remand VA must obtain all outstanding VA treatment records

Additionally, it appears that the Veteran may have received left shoulder treatment related to a workman's compensation claim, or a work injury. Specifically, a January 1974 VA treatment record indicated that the Veteran bumped his left shoulder at work and was seen by a "comp. Dr." who diagnosed him with bursitis. The treatment record noted that the Veteran was told to continue with workman 's compensation. Records from the Veteran's workman's compensation claim and the Veteran's treatment by the workman's compensation doctor are not of record. Therefore on remand, information concerning the Veteran's workman's compensation claim and any related shoulder treatment should be requested
from the Veteran.

Accordingly, the case is REMANDED for the following actions:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2015). Expedited handling is requested.)

1. Obtain all outstanding VA treatment records, to include those dated between December 1992 and June 2003, as well as treatment records since March 2016. If any requested records are unavailable, the Veteran should be notified of such.

2. Ask the Veteran to provide the names and addresses of all medical care providers who have treated him for his bilateral shoulder symptoms, to include any treatment he received pursuant to his workman's compensation claim. After securing the necessary release, the AOJ should request any relevant records identified which are not duplicates of those already contained in the claims file.

3. Ask the Veteran to provide information pertaining to his left shoulder work injury. In particular, ask the Veteran if / when he applied for workman's compensation benefits and whether he was awarded such benefits due to an on-the-job left shoulder injury. Ifso, after securing any necessary release, the AOJ should request any relevant records regarding the Veteran's claim(s) for workman's compensation benefits. Ifany requested records cannot
be obtained, the Veteran should be notified of such.

4. After completing the requested actions, and any additional action deemed warranted, to include obtaining an additional opinion if deemed necessary based on evidence obtained in response to the above, the AOJ should readjudicate the claim. Ifthe benefit sought on appeal remains denied, the Veteran and his representative should be furnished a supplemental statement of the case and given the opportunity to respond thereto. The case should then be returned to the Board for further appellate consideration, if in order.

The Appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 ( 1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

A. BANFIELD
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1 l OO(b) (2015).